June D. Coleman (SBN 191890)
MESSER STRICKLER, LTD.
5960 South Land Park Drive #1059
Sacramento, CA 95822
(916) 502-1768 Direct
(312) 334-3475 Fax
jcoleman@messerstrickler.com

Attorneys for Defendant
MANDARICH LAW GROUP, LLP

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLE NORTON,<br><br>     Plaintiff,<br><br>vs.<br><br>MANDARICH LAW GROUP, LLP<br><br>     Defendant. | Case No. 1:22-cv-00327-AWI-SKO<br><br>**DEFENDANT MANDARICH LAW GROUP, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[FRCP 12(b)(6)]<br><br>Date:       July 18, 2022<br>Time:       1:30 p.m.<br>Courtroom: 2, 8th Floor<br>                   2500 Tulare Street<br>                   Fresno, CA 93721<br><br>Judge: Honorable Anthony W. Ishii |

**TO THE COURT AND ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 18, 2022, at 1:30 p.m., or as soon

1

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

thereafter as the matter may be heard before the Honorable Anthony W. Ishii in Courtroom 2, 8th Floor, of the above-entitled Court, located at 2500 Tulare Street, Fresno, CA 93721, Defendant MANDARICH LAW GROUP, LLP by and through its attorneys of record, hereby moves this Court to dismiss Plaintiff's action with prejudice. In support of this Motion, Defendant states as follows: Plaintiff Gayle Norton fails to state a claim under the federal Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

    This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: June 8, 2022          **MESSER STRICKLER, LTD.**

                            By:  /s/ June D. Coleman
                                 June D. Coleman
                                 Attorney for Defendant
                                 MANDARICH LAW GROUP, LLP

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant MLG respectfully requests that this Court dismiss the Complaint because Plaintiff fails to state a claim under the various claims asserted. Plaintiff's initial allegation that MLG violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") is based on notice to cease contact, only the Complaint lacks any allegation that Plaintiff sent notice to MLG. And indeed, Plaintiff cannot so allege because no notice was sent to MLG. Plaintiff's second allegation under the FDCPA is that MLG's letter stating Plaintiff requested validation is false; Plaintiff made no such request. Even if the statement about requesting validation is false, Plaintiff must establish that this is a material misstatement. As a matter of law, a statement that validation was requested is not material. Finally, Plaintiff alleges that these two violations create a violation of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §§ 1788, *et seq*. ("RFDCPA"), specifically California Civil Code section 1788.17, which incorporates the obligations of the FDCPA into the RFDCP. In that Plaintiff has not and cannot allege a violation of the FDCPA, Plaintiff has not and cannot allege a violation of Section 1788.17 of the RFDCPA. Additionally, because there is no set of facts that would make Plaintiff's claims viable, the Court should dismiss the case with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff, Gayle Norton ("Norton" or "Plaintiff") filed her Complaint on March 22, 2022, alleging violations of the FDCPA and the RFDCPA. The following alleged facts are stated as favorably to Norton as permitted by her Complaint.

Plaintiff alleges that she had a debt with Synchrony Bank for a CareCredit loan that was eventually purchased by Midland Credit Management, Inc. ("MCM") *See* Compl., ¶¶ 20-21. Plaintiff alleges that on or about November 9, 2021, she

wrote to MCM to tell them she refused to pay any debt it was trying to collect and that MCM should not contact her again. *Id*. at ¶ 23. Plaintiff alleges she sent the same refusal to pay and demand not to contact her to MCM again on January 3, 2022. *Id*. at ¶ 24. Plaintiff alleges that Defendant, Mandarich Law Group, LLP ("MLG" or "Defendant") was employed by MCM as its agent-in-fact to collect the debt from Plaintiff. *Id*. at ¶ 22. Plaintiff alleges that on or about February 16, 2022, she received a letter from MLG in response to her letter she sent to MCM. *Id*. at ¶ 26. Plaintiff alleges that MLG's letter told her that "we are in receipt of your request for verification" of the debt and included 51 pages verifying the debt. *Id*. at ¶ 27. Plaintiff alleges she never "requested verification" of the debt and never communicated directly with MLG. *Id*. at ¶¶ 28-29. Plaintiff alleges that Defendant's February 2022 communication violated the FDCPA, sections 1692c and 1692e, as well as the RFDCPA, section 1788.17.

For the reasons set forth below, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Compliant must be dismissed.

## I.   STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept the well-pleaded factual allegation as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*

*v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

When a motion to dismiss is granted, the Court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise of futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## II.   ARGUMENT

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA should be liberally construed to affect its remedial purpose. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1176 (9th Cir. 2006).

To state a claim under the FDCPA, a plaintiff must allege facts to satisfy the following threshold elements: (1) that plaintiff is a consumer; (2) that plaintiff was the object of a collection activity arising from a debt; (3) that defendant is a debt collector; and (4) that defendant violated a provision of the FDCPA. *Montijo v. Hrdlicka*, 2021 U.S. Dist. LEXIS 164082, *11 (E.D. Cal. Aug. 30, 2021).

**A.   Count I – 15 U.S.C. Section 1692c of the Federal FDCPA.**

Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 1692c. Section 1692c(c) states, in relevant part, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that a consumer wishes the debt collector to cease further communication with the

consumer, the debt collector may not communicate further with the consumer with respect to such debt….” 15 U.S.C. § 1692c(c).

While Plaintiff's Complaint infers that Defendant violated §1692c when Defendant "communicated with Plaintiff after Plaintiff notified in writing … that she refused to pay the debt" and to not communicate with her, the factual allegations do not support this conclusion. *See* Compl., ¶¶ 23-24, 29, 33. Plaintiff's Complaint alleges that she sent MCM, <u>not MLG</u>, a letter stating that she refused to pay and to stop contacting her. *Id*. at ¶¶ 23-24. Thus, she never notified MLG in writing that she refused to pay the debt or to stop contacting her. Notifying MCM is not the same as notifying MLG, as MCM's knowledge is not imputed on MLG. *See, e.g., Offril v. J.C. Penny Co.*, 2009 U.S. Dist. LEXIS 1169, *9 (N.D. Cal. 2009) (creditor knowledge may not be imputed to the debt collector) (citing cases).

There is no credible allegation that MLG violated section 1692c because Plaintiff never sent a written demand to MLG to cease communications. As such, Count I of Plaintiff's Complaint must be dismissed with prejudice.

**B.     Count II – 15 U.S.C. Section 1692e of the Federal FDCPA.**

Plaintiff's Complaint also fails to state a claim upon which relief may be granted under Section 1692e. Under this section, a debt collector is prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "'In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law, … requir[ing] an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication.'" *Flores v. Collection Consultants of Cal.*, 2015 U.S. Dist. LEXIS 92732, *9 (C.D. Cal. Mar. 20, 2015); *see also Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1099 (D. Or. 2000) ("Whether language employed in connection with the collection of a debt violates the FDCPA is a question of law for the Court to decide."). The "least

sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Davis v. Hollins Law*, 832 F.3d 962 (9th Cir. 2016). "[T]he 'least sophisticated debtor may be uninformed, naïve, and gullible,' [but] the debtor's 'interpretation of a collection notice cannot be bizarre or unreasonable.'" *Id*. In the Ninth Circuit, "the materiality requirement functions as a corollary inquiry into whether a statement is likely to mislead an unsophisticated consumer," as "immaterial statements, by definition, do not affect a consumer's ability to make intelligent decisions." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).

Here, Plaintiff alleges that Defendant violated Section 1692e when it communicated information that it knew or should have known was false – specifically, MLG's statement that Plaintiff had "requested verification" of the debt. *See* Compl., ¶ 36. Even assuming that this allegation is true, that Plaintiff never requested verification, and thus MLG's statement is false, such statement is not material and therefore is not actionable under Section 1692e. *Davis, supra*, 832 F.3d at 964 ("We have also held that any error in a debt collectors' communications must be material in order to be actionable under § 1692e."). Plaintiff has not alleged how such statement prevented her from making an intelligent decision concerning the debt or how the statement prevented her from being able to make a fully informed choice of how to respond to MLG's letter. *See Donohue, supra*, 592 F.3d at 1034; *Davis, supra*, 832 F.3d at 963. At the pleading stage, Plaintiff must offer a plausible theory of consumer deception and confusion that "nudge[s] [her] claim across the line from conceivable to plausible." *Jones v. Synergetic Commun., Inc.*, 2018 U.S. Dist. LEXIS 198087, *9 (S.D. Cal. Nov. 20, 2018). Even accepting Plaintiff's allegations as true, she fails to state an actionable claim under section 1692e.

**C.   Count III - Section 1788.17 of the RFDCPA**

Finally, Plaintiff's RFDCPA claims also fails. The RFDCPA, modelled on

the FDCPA, is designed to protect consumers from unfair and abusive debt collection practices. *See* Cal. Civ. Code § 1788.1 ("It is the purpose of this title to prohibit debt collectors from engaging in unfair and deceptive acts or practices in the collection of consumer debts to require debtors to act fairly in entering into and honoring such debts."). "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements … and makes available the FDCPA's remedies for violations." *Caudillo v. Portfolio Recovery Associates, LLC*, 2013 U.S. Dist. LEXIS 114305 (S.D. Cal. Aug. 13, 2013)

Plaintiff alleges that Defendant violated Section 1788.17 when it failed to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive. *See* Compl., § 38. Specifically, Plaintiff alleges that Defendant violated Section 1788.17 of the RFDCPA when "it willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692c and § 1692e." *Id*. at ¶ 39. For the reasons set forth above, Plaintiff's Complaint does not, and cannot, allege a plausible claim against MLG under §§ 1692c and e. As such, for the same reasons her claims fail under those sections, her claim under RFCDPA § 1788.17 also fails and must be dismissed.

### III.  CONCLUSION

Based on the foregoing, Defendant MLG respectfully requests that this Court dismiss the Complaint. Additionally, because there is no set of facts that would make Plaintiff's claims viable, the Court should dismiss with prejudice.

Dated:  June 8, 2022              **MESSER STRICKLER BURNETTE, LTD.**

By:  /s/ June D. Coleman
     June D. Coleman
     Attorney for Defendant
     Mandarich Law Group, LLP

# CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2022, a true and correct copy of the foregoing DEFENDANT MANDARICH LAW GROUP, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF was electronically served via the U.S. District Court CM/ECF system on the following email(s):

| Attorneys for Plaintiff: | Michael Cardoza | Mike.cardoza@cardozalawcorp.com |
| | Lauren Veggian | Lauren.veggian@cardozalawcorp.com |

By:  /s/ June D. Coleman
June D. Coleman