Case 1:22-cv-00327-JLT-SKO  Document 25  Filed 03/23/23  Page 1 of 11

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GAYLE NORTON, <br><br> Plaintiff, <br><br> v. <br><br> MANDARICH LAW GROUP, LLC, <br><br> Defendant. | Case No.: 1:22-cv-0327 JLT SKO <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND <br><br> (Doc. 17) |

Gayle Norton asserts Mandarich Law Group acted unlawfully in attempting to collect a debt, violating the Fair Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act. (Doc. 15.) Mandarich Law Group seeks dismissal of the First Amended Complaint pursuant to Rule 12(6) of the Federal Rules of Civil Procedure. (Doc. 17.) Norton opposes the motion, arguing the allegations are sufficient to state a cognizable claim. (Doc. 20.) The Court finds the matter suitable for decision without oral arguments, and the matter remains under submission pursuant to Local Rule 230(g). For the reasons set forth below, the motion to dismiss is **GRANTED**, and the First Amended Complaint is dismissed without leave to amend.

**I.       Background and Procedural History**

Norton alleges she "had a debt with Synchrony Bank for a CareCredit loan that was used for personal, family or household purposes." (Doc. 15 at 5, ¶ 20.) She states that she "fell behind on payments." (*Id.*, ¶ 21.) Norton asserts that her "loan was bought by Midland Credit Management, Inc.

1

for pennies on the dollar." (*Id.*)  She alleges Mandarich Law Group "was employed by Midland Credit Management, Inc. as its agent-in- fact to collect this debt . . ." (*Id.*, ¶ 22.)

According to Norton, she "wrote to Midland Credit Management, Inc. to tell them that she refused to pay any debt they were trying to collect and not to contact her again" on November 9, 2021. (Doc. 15 at 5, ¶ 23.)  She contends that she wrote to Midland again on January 3, 2022, "to tell them she refused to pay any debt they were trying to collect and not to contact her again." (*Id.* at 6, ¶ 24.)  Norton asserts she "received confirmation via the U.S. Postal Service that Midland Credit Management, Inc. had received her letter" on January 14, 2022.  (*Id.*, ¶ 25.)

Norton asserts that on February 16, 2022, she received a letter from Mandarich Law Group. (Doc. 15 at 6, ¶ 26.)  Norton contends she never sent a letter directly to Mandarich and instead believes that "Defendant responded to [her] refusal to pay letter on behalf of Midland Credit Management." (*Id.*, ¶ 26(a)-(b); *see also id.* at ¶ 29.)  She alleges Mandarich "had actual knowledge of [her] refusal to pay letter because it responded to [her] refusal to pay letter with a debt verification letter." (*Id.*, ¶ 26(c).)  Norton asserts Mandarich's letter stated: "we are in receipt of your request for verification of the above-referenced debt," and provided a "detailed justification for how much she owed to Defendant on behalf of Midland Credit Management, Inc. and why." (*Id.*, ¶ 27.)  However, Norton contends she "did not include a request for verification of the debt" in her letter, and "[t]here was no other possible letter or communication" to which Mandarich could respond.  (*Id.*)  She alleges, "it's clear that Mandarich received, knew of, and/or saw the written notice of [her] refusal to pay the debt, because they responded to [the] refusal to pay the debt." (*Id.* at 7, ¶ 31.)

Norton identifies the following causes of action in her First Amended Complaint: (1) violation of Section 1692c of the Fair Debt Collection Practices Act, (2) violation of Section 1692e of the FDCPA, and (3) violation of Section 1788.17 of the Rosenthal Fair Debt Collection Practices Act. (Doc. 15 at 7-8.)  Mandarich filed a motion to dismiss the FAC on July 6, 2022.  (Doc. 17.)  Norton filed her opposition to the motion on July 20, 2022 (Doc. 20), to which Mandarich filed a reply on August 1, 2022 (Doc. 21).

**II.     Motion to Dismiss**

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d

729, 732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

The Supreme Court explained: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted). Allegations of a complaint must be accepted as true when the Court considers a motion to dismiss. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740. (1976). In addition, a court must construe the pleading in the light most favorable to the plaintiff and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, legal conclusions need not be taken as true when "cast in the form of factual allegations." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

"The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). On the other hand, leave to amend may be denied where amendment would be futile. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. Discussion and Analysis

Mandarich Law Group ("MLG" or "Mandarich") seeks dismissal of all claims in the FAC, asserting the facts alleged are insufficient to support the claims. (Doc. 17 at 3, 5-9.) According to Mandarich, the claims should be dismissed without leave to amend "there is no set of facts that would make [Norton's] claims viable." (*Id.* at 9.) Norton maintains she "has fully and adequately alleged a material violation of the FDCPA and RFDCPA." (Doc. 20 at 8; *see also id.* at 5-8.)

#### A. Violations of the FDCPA

Under the provisions of the Fair Debt Collection Practices Act ("FDCPA"), debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). To state a claim for a violation of the FDCPA, Norton must allege: "(1) she is a consumer within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o." *Alonso v. Blackstone Fin. Group*, 962 F.Supp.2d 1188, 1193-94 (E.D. Cal. 2013); *see also Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004).

Mandarich does not dispute that Norton is a consumer within the meaning of the FDCPA, or that her debt was incurred for personal purposes. (*See generally* Doc. 17 at 6-10.) Mandarich also does not dispute its status as a "debt collector" as defined by the FDCPA. (*Id.*) Mandarich argues only that the allegations are insufficient to support a conclusion that it violated the identified provisions of the FDCPA: Section 1692c and Section 1692e. (*Id.* at 6-8.)

##### 1. Claim under 15 U.S.C. § 1692c

Norton seeks to hold Mandarich liable for a violation of Section 1692c, which requires a debt collector to cease communications in certain circumstances. (Doc. 16 at 8, ¶ 33-35.) Specifically, Section 1692c(c) provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, to the debt collector shall not communicate further with the consumer with respect to such debt, except—

> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

15 U.S.C. § 1692c(c). Ultimately, to sustain claim under Section 1692c(c), a "[p]laintiff must show that (1) Defendants received the cease and desist letter and (2) communicated with Plaintiff subsequent to such receipt." *Hadsell v. Cach, LLC*, 2014 WL 497433, at *3 (S.D. Cal. Feb. 6, 2014); *see also Nichols v. GC Servs., LP*, 423 Fed. Appx. 744, 745 (9th Cir.2011) (affirming the granting summary judgment for in favor of the defendant, because the plaintiff failed to establish that defendant GS Services received the cease and desist letter).

      Mandarich asserts that Norton fails to state a claim because Norton alleges she sent the "letter stating that she refused to pay to stop contacting her" to Midland, not Mandarich. (Doc. 17 at 8.) Mandarich observes that Norton admits she "never notified MLG in writing that she refused to pay the debt to stop contacting her." (*Id.*) Mandarich contends, "Notifying MCM is not the same as notifying MLG, as MCM's knowledge is not imputed on MLG." (*Id.*, citing *Offril v. J.C. Penny Co.*, 2009 U.S. Dist. LEXIS 1169, 2009 WL 69344, (N.D. Cal. 2009) (creditor knowledge may not be imputed to the debt collector).) In addition, Mandarich argues that "it does not matter" if the company "had knowledge that Plaintiff requested MCM stop contacting her," because "[n]owhere in the statute does it state that if a debt collector has knowledge that the consumer notified the creditor that the consumer wishes the creditor to cease further communication, that the debt collector is prohibited from sending further communications." (*Id.* at 6-7, citing *Zachial v. Cascade Capital, LLC*, 2019 U.S. Dist. LEXIS 167666, *5, 2019 WL 4750081 (N.D. Ill. Sep. 30, 2019).) Mandarich notes that in *Zachial*, the court observed: "But by its plain language, § 1692c(c) only imposes a duty on a debt collector when the consumer has contacted the debt collector, not when the consumer has contacted the original creditor. Because the statutes language is plain, this Court must enforce it according to its terms." (*Id.*, quoting *Zachial*, 2019 WL 4750081, at *2.) Because Norton admitted "she never communicated with

1  Defendant," Mandarich concludes her claim under Section 1692c(c) should be dismissed. (*Id.* at 7.)

2  Norton argues she "properly alleges" a violation of Section 1692c(c). (Doc. 20 at 5, emphasis
3  omitted.) According to Norton: "Plaintiff notified MCM in writing that she refused to pay the debt, and
4  instead of MCM responding, it passed along the written notice of Plaintiff's refusal to pay to their
5  agent, Defendant, who responded to Plaintiff's refusal to pay improperly and in violation of the
6  FDCPA." (*Id.*) Norton asserts that "Defendant and MCM are attempting to circumvent the FDCPA by
7  having an agent with actual notice of a written refusal to pay respond to a consumer instead of the
8  original creditor in an attempt to end run around [her] refusal to pay letter and avoid a violation while
9  still attempting to collect the debt…" (*Id.* at 6, emphasis omitted.). Norton contends:

> It is arguable that the decision in the Illinois Court actually goes against the spirit and purpose of the FDCPA itself – allowing this kind of workaround where hiring a third party agent to respond to a refusal to pay creates an endless loop of refusal to pay letters and continuous collection communications, which is in direct opposition to the purpose of the FDCPA as a whole, but specifically the purpose in enacting §1692c(c). This section was intended as a way for a consumer to stop contact regarding a debt when they no longer want to be contacted (abusive collection practices) – and permitting this workaround to slide for these collectors just creates yet another avenue for the continued abuse and harassment of consumers who have properly requested to be left alone.

(*Id.* at 6-7, emphasis omitted.)

Significantly, Norton does not cite any legal authority to support her interpretation of the statute. (*See* Doc. 20 at 5-7.) The Ninth Circuit—and district courts within the circuit— have indicated the courts should look to the plain language of Section 1692c to determine its applicability. *See, e.g., Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1169 (9th Cir. 2006) (looking to the "plain language of § 1692c(c)" to determine whether the statute contemplates waiver); *Munoz v. Cal. Bus. Bureau, Inc.*, 2016 WL 6517655, at *9 (E.D. Cal. Nov. 1, 2016) (rejecting an argument that had "no support in the plain language of the FDCPA"); *Finley v. Dynamic Recovery Solutions LLC*, 2015 WL 5728307, at *6 (N.D. Cal. Sept. 20, 2015) ("Looking to the plain language of the statute, in order to find a violation of Section 1692c of the FDCPA, there must be a communication"); *Camacho v. Jefferson Capital Sys. LLC*, 2015 WL 3454070, at *4 (N.D. Cal. May 29, 2015) (looking to the "plain language" of Section 1692c(a) to determine if a debt collector was prevented from contacting a consumer). As the Ninth Circuit observed, "where the statute's language is plain, the sole function of

1  the courts is to enforce it according to its terms … for courts must presume that a legislature says in a
2  statute what it means and means in a statute what it says there." *Clark*, 460 F.3d at 1168 (quoting *Int'l*
3  *Assoc. of Machinists & Aerospace Workers v. BF Goodrich Aerospace Aerostructures Group*, 387
4  F.3d 1046, 1051 (9th Cir. 2004)).

5  Section 1692c(c) unambiguously indicates its provisions apply "[i]f a consumer notifies a debt
6  collector in writing" that she (1) refuses to pay the debt or (2) wants the debt collector to cease
7  communications with the consumer.  15 U.S.C. § 1692c(c).  If a consumer takes either action, the debt
8  collector "shall not communicate further with the consumer with respect to such debt," unless it the
9  communication fall under one of the "explicit exceptions" identified in the FDCPA.  *Id.*; *Clark*, 460
10 F.3d at 1168-1169.  Thus, under the plain language of the statute, *the consumer* must give written
11 notification to the identified *debt collector*, who may be liable under Section 1692c(c) after receiving
12 the notice.  Section 1692c(c) does not contemplate circumstances where the consumer gave another
13 collector written instructions to cease communications and does not indicate a debt collector can be
14 held liable if it has knowledge of a cease-and-desist letter served upon another.  This contrasts with
15 other provisions of Section 1692c, which limit the actions of a debt collector based on knowledge
16 alone, without specifying the source of knowledge.  *See, e.g.*, 15 U.S.C. § 1692c(a)(1) (prohibiting
17 collectors from contacting consumers at "a time or place known or which should be known to be
18 inconvenient"); *id.* § 1692c(a)(2) (prohibiting debt collectors from communicating with a consumer if
19 "the debt collector knows … is represented by an attorney").

20 The Court declines to expand the plain language of the statute in the manner suggested by
21 Norton, and finds she was obligated to notify Mandarich—as the debt collector—of her refusal to pay
22 the debt or that she wanted the company to cease further communications.  *See* 15 U.S.C. § 1692c(c);
23 *Munoz*, 2016 WL 6517655, at *9; *Hadsell*, 2014 WL 497433, at *3.  In the FAC, Norton asserts she
24 wrote the letters to Midland "to tell them she refused to pay any debt they were trying to collect and not
25 to contact her again." (Doc. 15 at 5-6, ¶¶ 23, 24.)  Norton also admits "[n]o letter was sent to
26 Defendant" and that she "never communicated directly with Defendant." (*Id.* at 6, ¶¶ 26(a), 29.)
27 Because Norton admits she never submitted a written refusal to pay or request to cease communications
28 to Mandarich, Norton fails to state a claim under Section 1692c(c) and the claim is dismissed.

7

### 2. Claim under of 15 U.S.C. § 1692e

Norton also seeks to hold Mandarich liable for a violation of Section 1692e. (Doc.15 at 8.) Pursuant to Section 1692e, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The provision identifies "a non-exhaustive list of sixteen practices that violate this general prohibition…" *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014). For example, prohibited conduct includes falsely representing "the character, amount, or legal status of any debt;" knowingly communicating false credit information "including the failure to communicate that a disputed debt is disputed," and using false representations or deceptive means to try to collect any debt. 15 U.S.C. §§ 1692e(2), e(8), e(10). However, it is insufficient for a plaintiff to allege a defendant made a "false, deceptive, or misleading representation." Rather, such a statement must also be "material" to be actionable. *Donohue*, 592 F.3d at 1033; *see also Davis v. Hollins Law*, 832 F.3d 962, 964 (9th Cir. 2016) ("any error in a debt collectors' communications must be material in order to be actionable under § 1692"); *Janson v. Katharyn B. Davis, LLC,* 806 F.3d 435, 437-438 (8th Cir. 2015) (rejecting the argument that any false statement by a debt collector is a *per se* violation of Section 1692e). Thus, to state a claim under Section 1692e, a plaintiff must allege (1) the debt collector made a false, deceptive, or misleading representation in connection with the collection of a debt; and (2) such representation was material.

Allegations under Section 1692e are analyzed from the perspective of the "least sophisticated debtor." *Donohue*, 592 F.3d at 1033 (citation omitted). This is an "objective analysis," which requires the court to consider "whether the least sophisticated debtor would likely be misled by a communication." *Donohue*, 592 F.3d at 1033 (internal quotation marks, citation omitted). Even though the "least sophisticated debtor may be uninformed, naive, and gullible," the debtor's "interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012). Thus, the Ninth Circuit explained the "least sophisticated debtor… grasps the normal, everyday meaning of words," and has the capability to make "basic logical deductions and inferences." *Stimpson v. Midland Credit Mgmt.*, 944 F.3d 1190, 1196 (9th Cir. 2019) (citations omitted). A debt collector's liability under Section 1692e "is an issue of

law." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).

                                                *a.*      *False statement*

Norton asserts she "never 'requested verification' of the debt," yet the letter received from Mandarich indicated the company was "in receipt of your request for verification of the above-referenced debt." (Doc. 15 at 6, ¶¶ 27-28.) Thus, Norton alleges Mandarich "violated § 1692e when it, among other qualifying actions and omissions, willfully communicated information that it knew or should have known to be false, to wit: that Plaintiff had 'requested verification' of the debt." (*Id.* at 8, ¶ 38.) Assuming the truth of the allegations in the FAC, Norton has identified a false statement made by Mandarich in connection with the collection of her debt.

                                            *b.*      *Whether the statement was "material"*

The identified statement by Mandarich that it was "in receipt of [Norton's] request for verification," must also be "material" to be actionable under Section 1692e. *Donohue*, 592 F.3d at 1033 ("false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [Section] 1692e"); *see also Davis*, 832 F.3d at 964. A material false statement is one that "could 'cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort.'" *Afewerki v. Anaya Law Group*, 868 F.3d 771, 775-76 (9th Cir. 2017) (quoting *Tourgeman*, 755 F.3d at 1121). Immaterial representations "are those that are literally false, but meaningful only to the hypertechnical reader." *Id.* Immaterial statements also "do not affect a consumer's ability to make intelligent decisions." *Donohue,* 592 F.3d at 1034. The Ninth Circuit explained the Court is "not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id.*, 592 F.3d at 1028.

For example, in *Donohue*, the debt collector filed a complaint that "correctly calculated the total debt Donohue owed, accurately stated the principal owed, and accurately listed the total non-principal amount owed inclusive of interest and finance charges." *Id.*, 592 F.3d at 1033. The court noted the complaint "sought recovery of sums to which Quick Collect was clearly and lawfully entitled." *Id.* Donohue asserted the defendant was liable under Section 1692e because amounts due were labeled as "interest on principal" in the complaint, while they were actually finance charges and post-assignment

interest, "but not labeled as such." *Id.*  The court found the inaccurate statement in the complaint "did not undermine Donohue's ability to intelligently choose her action concerning her debt." *Id.* at 1034. The court concluded the identified statement "was not material and hence not actionable." *Id.*

There is nothing in the statement that Mandarich was "in receipt of [Norton's] request for verification" that involved the amount, legal status, or character of her debt.  In addition, such a statement does not affect the consumer's "ability to make intelligent decisions" concerning her debt. For example, there is nothing in the statement to induce a debtor to pay the debt or pay an amount not owed.  Moreover, the least sophisticated debtor would clearly know whether he or she had made any request for verification and would not be deceived by the statement.  At most, the statement appears to be a "mere technical falsehood that mislead[s] no one." *See Donohue*, 592 F.3d at 1028.  Because the false statement identified is not material, it is not actionable.  Consequently, Norton's claim under Section 1692e is dismissed.

### C. Violation of Section 1788.17 of the Rosenthal Act

California's Rosenthal Fair Debt Collection Practices Act, "like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices." *Robinson v. Managed Accounts Receivable Corp.*, 654 F.Supp.2d 1051, 1060 (C.D. Cal. 2009) (citing Cal. Civ. Code § 1788.1).  Norton seeks to hold Mandarich liable under Cal. Civ. Code § 1788.17, asserting the defendant violated the Rosenthal Act "when it willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692c, and § 1692e."  (Doc. 15 at 7, ¶ 41.)

Pursuant to Cal. Civ. Code § 1788.17, conduct by a debt collector that violates the FDCPA violates the Rosenthal Act as well. *See id.*; *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005); *see also Peebles v. Seterus, Inc.*, 2019 WL 4464126, at *6 (E.D. Cal. Sept. 17, 2019) ("The Rosenthal Act incorporates by reference the prohibitions contained in Section 1692b to 1692j of the FDCPA").  Because Norton fails to state a claim under the FDCPA, her claim under the Rosenthal Act likewise fails and is dismissed.

### IV. Leave to Amend

Norton requests leave to amend if dismissal is granted.  (Doc. 20 at 8.)  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires,"

bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted). When dismissing a claim, "a district court should grant leave to amend … unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1130 (internal quotation marks omitted). Generally, leave to amend shall be denied only if amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Based upon the allegations made in the FAC, the Court finds leave to amend the claim would be futile. Norton is unable to state a claim under Section 1692c(c) given her clear admissions that "[n]o letter was sent to Defendant" and she "never communicated directly with Defendant." (Doc. 15 at 6, ¶¶ 26(a), 29.) In addition, the Court finds as a matter of law that the identified false statement was not material, and not actionable under Section 1692e. For these reasons, amendment for the claim under the Rosenthal Act is also futile. Accordingly, the request for leave to amend is denied.

### V.     Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. Defendant's motion to dismiss (Doc. 17) is **GRANTED**.
2. The First Amended Complaint is **DISMISSED** without leave to amend.
3. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Mandarich Law Group LLC, and to close this action.

IT IS SO ORDERED.

Dated:   **March 22, 2023**                                    /s/ Jennifer L. Thurston
                                                               UNITED STATES DISTRICT JUDGE